UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LANDIN S.,[1]<br>(A-Number: 221-493-709)<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN, CALIFORNIA CITY<br>DETENTION CENTER, et al.,<br><br>        Respondents. | No. 2:26-cv-00912-KES-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1)<br><br>[10-DAY OBJECTION DEADLINE] |

On March 16, 2026, Petitioner Luis Landin S. filed a petition for writ of habeas corpus along with a motion for temporary restraining order. (Docs. 1, 2.) On March 17, 2026, the District Court issued an order directing Respondents to show cause as to whether there were any factual or legal issues in this case that distinguish it from the Court's prior orders in Crispin M.C. v. Noem, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); J.A.C.P. v. Wofford, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); Lepe v. Andrews, 801 F. Supp. 3d 1104 (E.D. Cal. 2025). (Doc. 4.) On March 19, 2026, Respondents filed a response. (Doc. 7.)  On March 20, 2026, the District Court converted the motion for temporary restraining order into a motion for preliminary injunction. (Doc. 9.) As

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Respondents had not made any new legal arguments or identified any factual or legal issues that distinguished the case from the Court's prior decisions noted above, the Court granted the motion and ordered Respondents to provide Petitioner with a bond hearing pursuant to section 1226(a) and its implementing regulations within fourteen (14) days of the date of the order. (Id.) The matter was referred to the Magistrate Judge for further proceedings.

On March 23, 2026, the Court issued an order directing the parties to advise within five (5) days whether they sought to provide additional briefing on the petition. (Doc. 10.) On March 28, 2026, Respondents filed a response indicating they wished to stand on their previous submissions. (Doc. 11.) Petitioner did not file a response. Accordingly, the Court will recommend the petition be granted for the same reasons set forth by the District Court in its order granting a preliminary injunction.

The District Court also noted that Respondents' request, in the alternative, that the Court hold the case in abeyance pending the appeal in <u>Rodriguez v. Bostock</u>, No. 25-6842 (9th Cir.). The District Court stated that the undersigned could consider whether deferring a ruling on the petition is warranted pending the Ninth Circuit's decision in <u>Bostock</u>.  The Court is doubtful the Ninth Circuit decision will impact the Court's conclusion that Petitioner has a protected liberty interest that arises from his prior release from immigration custody. Respondents' position has been repeatedly rejected by this Court, as well as the vast majority of other courts that have considered the legal arguments at issue. Accordingly, the undersigned recommends denying Respondents' request to hold the matter in abeyance.

## RECOMMENDATION

For the foregoing reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED, Petitioner be released unless the government has provided Petitioner with a bond hearing pursuant to section 1226(a) and its implementing regulations in compliance with the District Court's order, and Respondents' request to hold proceedings in abeyance be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **April 8, 2026**                        /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE

3