UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PARLAD S.,

          Petitioner,

    v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY, et. al.,

          Respondents.

No. 1:26-cv-00912-TLN-JDP

**ORDER**

This matter is before the Court on Petitioner Parlad S.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed an opposition. (ECF No. 13.) For the reasons set forth below, Petitioner's habeas petition is DENIED as moot.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States on October 18, 2021. (ECF No. 1 at 2.) Fearing for his life in his native country due to his political views, Petitioner came to the United State to seek protection and refuge by applying for asylum. (*Id.*) Petitioner timely and consistently appeared for all hearings in immigration court. (*Id.* at 10.) Petitioner has no criminal

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

history.  (*Id.* at 2.)

At some point, Petitioner was arrested and detained in immigration custody.  (*Id.* at 11.)  On January 7, 2026, an immigration judge in Petitioner's removal proceedings granted Petitioner bond in the amount of $15,000.  (ECF No. 11 at 2.)  The attorney for U.S. Immigration and Customs Enforcement ("ICE") filed a notice of intent to appeal, staying the bond order.  (ECF No. 13 at 1.)  On January 16, 2026, however, the attorney withdrew the intent to appeal which dissolved the stay.  (*Id.*)  Thereafter, the Court issued a temporary restraining order releasing Petitioner under the conditions set forth in the immigration judge's January 7, 2026 Order.   (ECF No. 12.)

On February 2, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (ECF No. 1.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

Petitioner claims his prolonged detention due to the government's failure to effectuate the immigration judge's bond order violates the Fifth Amendment Due Process Clause, the Immigration and Nationality Act, and the Administrative Procedure Act.  (ECF No. 1 at 11–14.)  In opposition, Respondents contend Petitioner's claims challenging his detention are moot given

Petitioner posted bond and was released from immigration custody.  (ECF No. 13 at 2.)

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  "The burden of demonstrating mootness is a heavy one." *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001).  And a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).

In examining Petitioner's Ex-Parte Motion for Temporary Restraining Order ("TRO") (ECF No. 3), the Court found Petitioner met his burden establishing a TRO was warranted under the factors articulated in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), and ordered Petitioner be released on bond in the amount of $15,000 with alternatives to detention. (ECF No. 12.)  Petitioner was released pursuant to the Court's order.  ICE subsequently withdrew the intent to appeal which dissolved the stay of the immigration judge's bond order.  (ECF No. 13 at 1.)  Respondents are therefore no longer engaging in the challenged conduct and Petitioner has received the relief that he requested in his habeas petition.  (*See* ECF No. 1 at 15.)  Accordingly, the habeas petition is DENIED as moot.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents Motion to Dismiss (ECF No. 11) as moot.  The Clerk of Court shall close this case.

IT IS SO ORDERED.

Date: June 25, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3